RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/9/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AARON PAUL LEBLANC (D.O.C. #447992) | DOCKET NO. 14-CV-2816; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN NATHAN CAIN, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Aaron Paul LeBlanc, filed on September 26, 2014. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff complains of a "slip and fall" accident and seeks damages for pain and suffering as well as a transfer to another facility.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Factual Allegations*

Plaintiff alleges that, on an unspecified date, he was walking to the shower and "had to pass through a puddle that spanned the entire walkway." [Doc. #1, p.4] Plaintiff states that the shower apparently leaks, and there was no warning of the puddle of water. Plaintiff slipped and fell, injuring his neck, shoulder, and back.

*Law and Analysis*

I.  *Slip and Fall*

A "slip and fall" negligence claim is not cognizable in a federal civil rights action. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." <u>Baker v. McCollan</u>, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" <u>Price v. Roark</u>, 256 F.3d 364, 370 (5th Cir. 2001)(quoting <u>Nesmith v. Taylor</u>, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding water on the floor raise nothing more than a negligence claim. See <u>Marsh v. Jones</u>, 53 F.3d 707, 712 (5th Cir. 1995)(inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); <u>see</u> <u>also</u> <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."); <u>Benton v. Grant</u>, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to

2

repair it); McLaughlin v. Farries, 122 Fed.Appx. 692 (5th Cir. 2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986).

## II. Transfer

Plaintiff asks that he be transferred to another facility. A prisoner has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

### Conclusion

Accepting all of Plaintiff's factual allegations as true, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous 28 U.S.C. §1915(e)(2)(B) and 1915A.

3

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of December, 2014.

---
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE